LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

LUCIA MARETT, *on behalf of herself and
all others similarly situated*,

            Case No.:

  Plaintiff,        **CLASS ACTION COMPLAINT**

     -against-

RUBY TUESDAY, INC.,

  Defendant,

---

Plaintiff, LUCIA MARETT (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, RUBY TUESDAY, INC., and states as follows:

## <u>INTRODUCTION</u>

  1.  This class action seeks to put an end to systemic civil rights violations committed by Defendant RUBY TUESDAY, INC. (hereafter collectively as "Ruby Tuesday" or "Defendant"), against the blind in New York State and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Ruby Tuesday provides to their non-disabled customers through http://www.rubytuesday.com (hereafter "Rubytuesday.com" or "the website"). Rubytuesday.com provides to the public a

wide array of the goods, services and other programs offered by Ruby Tuesday. Yet, Rubytuesday.com contains numerous access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even browse and buy gift cards on the website. Ruby Tuesday thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living.

2.      Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, Rubytuesday.com has many access barriers preventing blind people to independently navigate and buy gift cards using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.      Many blind people enjoy online reservation just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service food industry and from independently accessing this ever-popular website.

7.      Despite readily available accessible technology, such as the technology in use at

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and javascript, Defendant has chosen to rely on an exclusively visual interface, including drop-down menus that are inaccessible. Ruby Tuesday's sighted customers can independently browse and buy gift cards online without the assistance of others. However, blind people must rely on others to assist them in accessing and purchasing on Rubytuesday.com.

8.    By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9.    Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.    Plaintiff browsed and intended to buy a $150 gift card on Rubytuesday.com. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use and buy gift cards on Rubytuesday.com.

11.    This complaint seeks declaratory and injunctive relief to correct Ruby Tuesday's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on

Rubytuesday.com so that Plaintiff and the proposed Class of customers who are blind will be able to independently and privately use Defendant's website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to:

      a.     28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

      b.     28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

13.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

14.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

15.     Defendant is registered to do business in New York State and has been doing business in New York State, including the Southern District of New York. Defendant maintains three restaurants in the Southern District of New York. They are subject to personal jurisdiction in this District.

Defendant also has been and is committing the acts alleged herein in the Southern District of New York, has been and is violating the rights of consumers in the Southern District of New York, and has been and is causing injury to consumers in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York. Specifically, Plaintiff attempted to buy a $150 gift card on Defendant's website Rubytuesday.com in New York County.

## PARTIES

16.     Plaintiff, LUCIA MARETT, is and has been at all times material hereto a resident of New York County, New York.

17.     Plaintiff LUCIA MARETT is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff MARETT cannot use a computer without the assistance of screen reader software. Plaintiff MARETT has been denied the full enjoyment of the facilities, goods and services of Rubytuesday.com, as well as to the facilities, goods and services of Ruby Tuesday location, as a result of accessibility barriers on Rubytuesday.com. Most recently in October 2016, Plaintiff MARETT attempted to buy a $150 gift card on Rubytuesday.com but could not buy any gift card due to the inaccessibility of the website. The inaccessibility of Rubytuesday.com has deterred her and Class members from the enjoyment of Ruby Tuesday.

18.     Defendant RUBY TUESDAY, INC. is an American for-profit corporation organized under the laws of New York, with a process of service address at 111 Eighth Avenue, New York, NEW YORK, 10011.

19.     Defendant owns and operates more than 500 restaurant locations (hereafter "Ruby Tuesday Restaurants"), which are places of public accommodation, one of which is located in Southern District of New York. These restaurants provide to the public important goods, such as appetizers, salads, steaks and seafood. Ruby Tuesday Restaurants also provide to the public a website service known as Rubytuesday.com. Among other things, Rubytuesday.com provides access to the array of goods and services offered to the public by Ruby Tuesday, including menu prices and other benefits related to these goods and services. The inaccessibility of Rubytuesday.com has deterred Plaintiff from the enjoyment of Ruby Tuesday Restaurants.

20.     Plaintiff, on behalf of herself and others similarly situated seeks full and equal access to the goods and services provided by Ruby Tuesday through Rubytuesday.com.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Rubytuesday.com and as a result have been denied access to the enjoyment of goods and services offered in Ruby Tuesday Restaurants, during the relevant statutory period."

22.     Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Rubytuesday.com and as a result have been denied access to the enjoyment of goods and services offered in Ruby Tuesday Restaurants, during the relevant statutory period."

23.     There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.*

Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Rubytuesday.com and Ruby Tuesday Restaurants. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse and make reservation on Rubytuesday.com and by extension the goods and services offered through Defendant's website to Ruby Tuesday Restaurants.

25.     There are common questions of law and fact common to the class, including without limitation, the following:

      a.    Whether Rubytuesday.com is a "public accommodation" under the ADA;

      b.    Whether Rubytuesday.com is a "place or provider of public accommodation" under the laws of the New York;

      c.    Whether Defendant through its website Rubytuesday.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

      d.    Whether Defendant through its website Rubytuesday.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of New York.

26.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Ruby

Tuesday has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on their website, Rubytuesday.com, so it can be independently accessible to the class of people who are legally blind.

27.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

28.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29.    Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

30.    References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## **FACTUAL ALLEGATIONS**

31.    Ruby Tuesday operates Ruby Tuesday Restaurants, an American cuisine casual dining restaurant chain, one of which is located in the Southern District of New York.

32.     Rubytuesday.com is a service and benefit offered by Ruby Tuesday and Ruby Tuesday Restaurants throughout the United States, including New York State. Rubytuesday.com is owned, controlled and/or operated by Ruby Tuesday.

33.     Rubytuesday.com is a commercial website that offers products and services that are available in Ruby Tuesday Restaurants. The website allows the user to browse menu items, make reservations; learn about the Ruby Tuesday's history and founders, find the restaurant locations; and perform a variety of other functions.

34.     Among the features offered by Rubytuesday.com are the following:

(a)     restaurant information, allowing persons who wish to dine at Ruby Tuesday to learn its location, hours, and phone numbers;

(b)     an online booking webpage, allowing customers to buy gift cards;

(c)     information about Ruby Tuesday's social networks and employment opportunities;

(d)     information about Ruby Tuesday's gift cards, catering and bar; and

(e)     sale of many of the products and services available at Ruby Tuesday in New York State.

35.     This case arises out of Ruby Tuesday's policy and practice of denying the blind access to Rubytuesday.com, including the goods and services offered by Ruby Tuesday through Rubytuesday.com. Due to Ruby Tuesday's failure and refusal to remove access barriers to Rubytuesday.com, blind individuals have been and are being denied equal access to Ruby Tuesday Restaurants, as well as to the numerous goods, services and benefits offered to the public through Rubytuesday.com.

36.     Ruby Tuesday denies the blind access to goods, services and information made available through Rubytuesday.com by preventing them from freely navigating Rubytuesday.com.

37.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

38.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

39.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

40.     Rubytuesday.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling, the lack of navigation links; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

41.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Rubytuesday.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize alt-text to provide a description of the image to a blind computer user.) As a result, Plaintiff and blind Ruby Tuesday customers are unable to determine what is on the website, browse the site, look for Ruby Tuesday's location, investigate Ruby Tuesday's appetizers, salads, steaks, seafood and/or buy gift cards online.

42.     Rubytuesday.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On a site such as Rubytuesday.com, these forms include drop-down list to choose gift card amount and box to fill out quantity. Due to the lack of adequate labeling, Plaintiff and blind customers cannot buy gift cards on Rubytuesday.com.

43.     Moreover, the lack of navigation links on Ruby Tuesday's website makes attempting to navigate through Rubytuesday.com even more time consuming and confusing for Plaintiff and blind consumers.

44.     Rubytuesday.com requires the use of a mouse to buy gift card. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Rubytuesday.com's inaccessible design, which requires the use of a mouse to select gift card amount, denies Plaintiff and blind customers the ability to independently make reservations on Rubytuesday.com.

45.     Due to Rubytuesday.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their reservation at Ruby Tuesday Restaurants in person or via phone. Some blind customers would have to spend extended time at the restaurant or require assistance in navigating the restaurant. By contrast, if Rubytuesday.com was accessible, a blind person could independently investigate menus and buy gift cards via the Internet as sighted individuals can and do.

46.     Rubytuesday.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Rubytuesday.com and who would otherwise be able to fully and equally enjoy the benefits and services of Ruby Tuesday Restaurants in New York State.

47.     Plaintiff LUCIA MARETT has made numerous attempts to buy a $150 gift card on Rubytuesday.com, most recently in October 2016, but was unable to do so independently because of the many access barriers on Defendant's website, causing Rubytuesday.com to be inaccessible and not independently usable by, blind and visually impaired individuals.

48.     As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Rubytuesday.com contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

49.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Rubytuesday.com and Ruby Tuesday Restaurants.

50.     Ruby Tuesday engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

51.     Ruby Tuesday utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

**FIRST CAUSE OF ACTION**

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

52.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

53.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any

place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

54.     Ruby Tuesday Restaurants located in New York State and throughout the United States are sales establishments and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). Rubytuesday.com is a service, privilege or advantage of Ruby Tuesday Restaurants. Rubytuesday.com is a service that is by and integrated with these restaurants.

55.     Defendant is subject to Title III of the ADA because they own and operate Ruby Tuesday Restaurants.

56.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

57.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

58.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the

nature of such goods, services, facilities, privileges, advantages or accommodations."

59.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

60.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

61.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Ruby Tuesday who are blind have been denied full and equal access to Rubytuesday.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

62.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

63.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rubytuesday.com and Ruby Tuesday in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

64.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

65.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

66.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

67.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

68.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

69.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

70.     Ruby Tuesday Restaurants located in New York State and throughout the United

States are sales establishments and public accommodation within the definition of N.Y. Exec. Law § 292(9). Rubytuesday.com is a service, privilege or advantage of Ruby Tuesday Restaurants. Rubytuesday.com is a service that is by and integrated with these restaurants.

71.     Defendant is subject to New York Human Rights Law because they own and operate the Ruby Tuesday Restaurants and Rubytuesday.com. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

72.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to Rubytuesday.com, causing Rubytuesday.com and the services integrated with Ruby Tuesday Restaurants to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

73.     Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

74.     In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

75.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

76.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

> (a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or
>
> (b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
>
> (c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

77.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

78.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rubytuesday.com and Ruby Tuesday Restaurants under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable

harm.

79.     The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

80.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

81.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

82.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,

Article 4 (CLS Civ R § 40 *et seq.*)

(on behalf of Plaintiff and New York subclass)

83.     Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

84.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

85.     N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof …"

86.     N.Y. Civil Rights Law § 40-c(2) provides that "no person because of …
disability, as such term is defined in section two hundred ninety-two of executive law,
be subjected to any discrimination in his or her civil rights, or to any harassment, as
defined in section 240.25 of the penal law, in the exercise thereof, by any other person
or by any firm, corporation or institution, or by the state or any agency or subdivision"

87.     Ruby Tuesday Restaurants located in New York State are sales establishments and
public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).
Rubytuesday.com is a service, privilege or advantage of Ruby Tuesday Restaurants.
Rubytuesday.com is a service that is by and integrated with these restaurants.

88.     Defendant is subject to New York Civil Rights Law because they own and operate
Ruby Tuesday and Rubytuesday.com. Defendant is a person within the meaning of N.Y. Civil
Law § 40-c(2).

89.     Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or
remove access barriers to Rubytuesday.com, causing Rubytuesday.com and the services
integrated with Ruby Tuesday to be completely inaccessible to the blind. This inaccessibility
denies blind patrons full and equal access to the facilities, goods and services that Defendant
makes available to the non-disabled public.

90.     There are readily available, well established guidelines on the Internet for making
websites accessible to the blind and visually impaired. These guidelines have been followed by
other large business entities in making their website accessible, including but not limited to:
adding alt-text to graphics and ensuring that all functions can be performed using a keyboard.
Incorporating the basic components to make their website accessible would neither fundamentally
alter the nature of Defendant's business nor result in an undue burden to Defendant.

91.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

92.     Specifically, under NY Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside …"

93.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

94.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

95.     Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

### FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

96.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

97.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful

discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

98.     Ruby Tuesday Restaurants located in New York State and throughout the United States are sales establishments and public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9). Rubytuesday.com is a service, privilege or advantage of Ruby Tuesday Restaurants. Rubytuesday.com is a service that is by and integrated with these restaurants.

99.     Defendant is subject to City Law because they own and operate Ruby Tuesday Restaurants and Rubytuesday.com. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

100.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Rubytuesday.com, causing Rubytuesday.com and the services integrated with Ruby Tuesday Restaurants to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

101.     Defendant's actions constitute willful intentional discrimination against the class

on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

      (d)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

      (e)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

      (f)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

102.    Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

103.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rubytuesday.com and Ruby Tuesday Restaurants under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

104.    The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

105.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

106.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

107.    Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies,

procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

108.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

109.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Rubytuesday.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Rubytuesday.com and by extension Ruby Tuesday Restaurants, which Ruby Tuesday owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

110.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

111.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

112.    A preliminary and permanent injunction requiring Defendant to take all the steps

necessary to make its website, Rubytuesday.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Rubytuesday.com is readily accessible to and usable by blind individuals;

113. A declaration that Defendant owns, maintains and/or operates its website, Rubytuesday.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

114. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

115. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

116. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

117. For pre and post-judgment interest to the extent permitted by law; and

118. Such other and further relief as the Court deems just and proper.


DATED: November 29, 2016                          LEE LITIGATION GROUP, PLLC


                                                  By: ___*/s/ C.K. Lee*_____
                                                        C.K. Lee, Esq.


                                                  C.K. Lee (CL 4086)
                                                  Anne Seelig (AS 3976)

30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181